This is a suit for damages caused to growing crops as a result of depredations of cattle owned by the defendant.
Plaintiff, lessee of approximately 80 acres of land, comprised of two separate tracts of approximately 15 and 65 acres respectively, located in Ward 8, Rapides Parish, Louisiana, alleged that cattle owned by the defendant and pastured on defendant's property immediately across the highway from the leased premises, during the months of July, August and September, 1945, strayed upon the leased property, eating and trampling down plaintiff's growing crops to such extent as to cause a total loss. Plaintiff originally sued for damages totaling $2,062.50 but entered a remittitur in the sum of $63.00 prior to trial. After trial there was judgment in favor of plaintiff in the amount of $1,141.55, from which judgment defendant has appealed.
It is conceded that this appeal involves solely a determination of questions of fact. Certain facts are undisputed, namely, that, by ordinance of the Police Jury of Rapides Parish, stock was not permitted to run at large in Ward 8 of said Parish and it was made the duty of all owners of livestock to keep said stock under fence; that, notwithstanding the provisions of the ordinance in question, cattle belonging to defendant at frequent intervals strayed from their pasture and entered upon the property of other parties; that in the course of their trespassing the cattle did enter upon plaintiff's property and did cause damage to growing crops.
The only disputed points are as to the extent of the damage caused by the cattle and the value of the crops injured and destroyed.
Plaintiff's leased premises were located in two separate tracts, one being a triangular plot of about 15 acres planted in cowpeas and hegari, adjoining the highway just opposite defendant's pasture where he maintained his cattle. The other 65-acre tract rented by plaintiff was divided into three plots varying in size from 15 to 35 acres, on which soy beans and sudan grass had been planted and were growing. This latter tract did not adjoin the highway but lay within a very short distance therefrom, being separated from the 15-acre tract by two intervening plots of 15 and 20 acres. Due to the irregular shape of these several tracts of land, and to the direction in which they lay, the 65-acre tract was only some 100 feet or so removed from the highway.
The record definitely evidences the fact that defendant did not maintain his fence in proper state of repair, and that, despite the services of a caretaker, the cattle frequently strayed through gaps in the fence and trespassed upon neighboring properties. It is conceded that the cattle, on several *Page 312 
occasions, did invade the 15-acre tract, eating and trampling down crops thereon, but it is strenuously contended on the part of defendant that they did not encroach upon the 65-acre tract, and, therefore, did not damage the crops growing thereon.
[1] In a carefully written and well-considered opinion, the learned Judge of the district Court analyzed the testimony adduced on behalf of both plaintiff and defendant and reached the conclusion that plaintiff had established the facts of the trespass upon both plots of his leased premises and resulting substantial damage to the crops.
In view of the findings of fact as set forth in the opinion referred to, with which findings we are in full accord after careful examination and study of the record, we see no virtue in recapitulating the detailed testimony bearing thereupon.
With regard to the degree and amount of damage, while it is true that the testimony of the witnesses is sharply contradictory as between the contentions of plaintiff and defendant, we find no difficulty in arriving at the conclusion that plaintiff has established substantial damage by a preponderance of the evidence. There is considerable testimony as to the amount of rainfall, the failure of crops in the neighborhood, and other related details on all of which there is an obvious but nonetheless understandable difference of opinion. In assessing damages the district Judge took into consideration the uncertainty of harvesting and saving crops of the nature involved, and averaged the percentage as between a perfect harvest and a total loss. Through this method recovery was based upon a 65% crop harvest under conditions prevailing. It is true that the district Judge said in his opinion that he thought this percentage would be high, and this point is seized upon by astute counsel for defendant, who zealously argues for a reduction in the amount of the judgment. We attach no particular significance to this expression. The Judge might just as easily have said that the percentage at which he arrived might have been too low, and we regard his observation as being simply the admission of a thoroughly conscientious Judge who recognizes the possibility of error with respect to points which cannot be resolved with absolute certainty.
[2] We feel that the total amount of the judgment appealed from, made up as it is of allowances for the loss of the various crops on the several tracts of plaintiff's leased property, does substantial justice under the circumstances as between the parties to this litigation. Certainly, we can find no instance of any manifest error, and, for that reason, have no basis upon which any change in the judgment could be justified.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.